IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01123-GPG

BRIAN DALE BARNETT,

     Plaintiff,

v.

FORT HAYS UNIVERSITY,

     Defendant.

---

ORDER TO AMEND

---

On May 29, 2015, Plaintiff Brian Dale Barnett filed a Prisoner Complaint

pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and a Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff has been granted

leave to proceed pursuant to § 1915.

The Court must construe Plaintiff's Complaint liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act

as an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be

directed to file an Amended Complaint for the reasons stated below.

First, the Complaint is deficient because it does not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against

them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater*

*Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th

Cir. 1989).  The requirements of Rule 8 are designed to meet these purposes.  *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand

for the relief sought."

First, Plaintiff fails to name a defendant that is not immune from suit.  The

Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one

of the United States by Citizens of another State, or by Citizens or Subjects of any

Foreign State." U.S. Const. amend. XI.  Though Kansas has generally authorized suits

against any state educational institution brought in state court, K.S.A. § 76–713,

Kansas has not expressly consented to suit in federal court and this Court cannot imply

a waiver of Eleventh Amendment immunity into the statute.  *Brennan v. University of*

*Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971).

In order to invoke his equal protection claims against the Fort Hays University

(the court assumes the Fort Hays University is a state university)and assert an

exception to the Eleventh Amendment's bar to federal court jurisdiction, Plaintiff must

show that Congress, in clear and unmistakable terms, intended to abrogate a State's

Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983.  *Seminole Tribe of*

*Florida  v. Florida, et al.*, 517 U.S. 44, 55 (1996); *ANR Pipeline Co. V. Lafaver*, 150 F.3d

1178, 1188 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).  The Supreme Court has previously held that Congress did not abrogate the States' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Thus, because Kansas has not unmistakably waived its Eleventh Amendment immunity, and Congress has not abrogated that immunity, the Eleventh Amendment bars Plaintiff's suit against Fort Hays University because it appears it is the Fort Hays State University and is an arm of the State of Kansas. K.S. 76–711; *Brennan*, 451 F.2d at 1287.

If, however, Fort Hays University is not an arm of the State of Kansas, claims against the university suffer from other deficiencies.  "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).  Therefore, the only proper defendants in a § 1983 action are those who " 'represent [the State] in some capacity, whether they act in accordance with their authority or misuse it.' "  *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

Second, even though Plaintiff does not name "John Doe-Criminal Justice Professor" or "President of University John Does(s)" as parties to this action, Plaintiff appears to assert that these individuals are responsible for violating his civil rights.  To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege

and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Finally, Plaintiff may use fictitious names, such as John or Jane Doe, if he does not know the real names of the individuals who allegedly violated his rights.  Plaintiff, however, must provide sufficient information about each defendant so that they can be identified for the purpose of service.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will proceed to dismiss the Complaint without further notice.

DATED June 1, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge