IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01123-GPG

BRIAN DALE BARNETT,

    Plaintiff,

v.

JOHN DOE, Professor of Justice Studies Fall 2006, and
JOHN DOE 2, Head of Department of Justice Studies Fall 2006,

    Defendants.

## ORDER TO TRANSFER

On May 29, 2015, Plaintiff Brian Dale Barnett, acting *pro se*, submitted to the Court a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff was granted leave to proceed pursuant to § 1915 on May 31, 2015. Magistrate Judge Gordon P. Gallagher then directed Plaintiff to amend the Complaint in compliance with Fed. R. Civ. P. 8 and to state personal participation by properly named Defendants. Plaintiff filed an Amended Complaint on June 29, 2015.

The Court must construe the Amended Prisoner Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will transfer the action to a federal district court where venue is proper.

Plaintiff appears to assert that his right to freedom of speech was violated when, in the Fall of 2006, Defendants John Doe and John Doe 2 removed him from the "Fort

Hays University Online" because he stated "Does anyone else here feel like we are being graded on our abilities to be a racist separatist?"  As relief, Plaintiff seeks the "amount owed to Fort Hays University an [sic] a reasonable amount for loss of income due to removal from University."

Venue is not proper in this Court.

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided in law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  No Defendants reside in Colorado.  To the extent the Court is able to determine the factual basis of Plaintiff's claims, it appears that at least the events that gave rise to the violation of Plaintiff's right to free speech took place while he was enrolled in an on-line course at Fort Hays University.

Plaintiff does not indicate where he was located while participating in the on-line course, but even if he was residing in Colorado, the posting of his comment was through the Fort Hays University on-line course and the action against him for making the comments was taken by Defendants who are located in Kansas.  Plaintiff intended to target the audience of the on-line course at Fort Hays University.  In other words, the State of Kansas is where "forum state audience" is found and is the "focal point of the message."  Cf. *Schrader v. Biddinger*, 633 F.3d 1235, 1241 & 1244 (10th Cir. 2011).  Therefore, because the substantial part of the events or omissions giving rise to the claim occurred in the State of Kansas, venue is proper in the United States District Court for the District of Kansas.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court for the following reasons will elect to transfer rather than dismiss this action.

A court may "consider affirmative defenses sua sponte" for purposes of dismissal under § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fractus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (quoting *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987) (internal quotations omitted)). "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); see also *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("the accrual date of a Section 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). It appears that the cause of action accrued in Fall 2006, when Plaintiff made the statement and was removed from the on-line program.

The limitation period for an action under 42 U.S.C. § 1983 is set by the personal injury statute in the state where the cause of action accrues. *Garcia v. Wilson*, 731 F.2d 640, 650-51 (10th Cir. 1984). Because this Court has determined the cause of action took place in the State of Kansas, the limitation period is set by Kansas' personal injury statute.

"[W]hen a federal statute [42 U.S.C. § 1983] is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well . . . ." See *Ehimeshoff v. Hartford Life & Accident Insurance Co., et al.*, — U.S. —, 134 S. Ct. 604, 616 (2013) (citing *Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478,

3

484 (1980) (in § 1983 actions "a state statute of limitations and the coordinate tolling rules" are "binding rules of law").

In the State of Kansas, a two-year state statute of limitations is applied to actions brought in Kansas for violations of 42 U.S.C. § 1983. *Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006). Plaintiff, therefore, should have filed an action by the Fall of 2008. Under Kansas law, however, equitable tolling applies where a defendant has acted or withheld material knowledge to induce a delay in filing a cause of action. *Friends Univ. v. W.R. Grace & Co.*, 608 P.2d 936, 941 (1980).

Because a *sua sponte* dismissal is not merited "unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue," *see Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009), the Court will refrain from dismissing the action and in the interest of justice direct a transfer of this case to the United States District Court for the District of Kansas, pursuant to 28 U.S.C. § 1406(a), for further consideration of the tolling issue. Accordingly, it is

ORDERED that this action shall be transferred to the United States District Court for the District of Kansas (Wichita Divisional Office, United States Courthouse, 401 North Market Street, Room 204, Wichita KS 67202-2000) pursuant to 28 U.S.C. § 1406(a).

DATED July 9, 2015, at Denver, Colorado.

                              BY THE COURT:

                              s/Lewis T. Babcock
                              LEWIS T. BABCOCK, Senior Judge
                              United States District Court